UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

YAMIN MOUSSELLI,

      **Plaintiff,**

vs.

HUNTER WARFIELD, INC.,

      **Defendant.**

Civil Action No.: 3:23-cv-411

# DEFENDANT HUNTER WARFIELD, INC'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Hunter Warfield, Inc. ("HWI" or "Defendant"), by and through its undersigned counsel, as and for its Answer to Complaint ("Complaint") of Yamin Mousselli ("Plaintiff") in the above-captioned matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

## RESPONSE TO INTRODUCTION

1. Responding to Paragraph 1, HWI admits Plaintiff brings this Complaint under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the North Carolina Collection Agency, Gen. Stat. § 58-70-1 *et seq.* ("NCCAA"). HWI denies all alleged violations of law.

## RESPONSE TO JURISDICTION

2. Responding to Paragraph 2, HWI admits the cited statutes purport to provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the statutory provisions, HWI denies all alleged violations of law.

1

## RESPONSE TO PARTIES

3. Responding to Paragraph 3, HWI lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, HWI denies the same.

4. Responding to Paragraph 4, HWI admits it is a business entity that at certain times and under certain circumstances conducts business throughout this State, including Mecklenburg County, and that has a principal place of business located at 4620 Woodland Corporate Blvd., Tampa, Florida 33614. HWI admits at certain times and under certain circumstances, its principal purpose of business is the collection of debts already in default using the mails, telephone and other means, and it regularly attempts to collect such debts. HWI denies any remaining allegations.

## RESPONSE TO FACTUAL ALLEGATIONS

5. HWI denies Paragraph 5.

6. Responding to Paragraph 6, HWI admits to furnishing information related to an account for Plaintiff. HWI denies it is furnishing inaccurate information related to an account for Plaintiff.

7. Responding to Paragraph 7, HWI admits it has an account in Plaintiff's name related to a tenant application made to Metro University City Apartments in Charlotte, North Carolina. HWI lacks knowledge or information sufficient to form a belief regarding the purpose for which the account arose and, therefore, denies the same.

8. HWI denies Paragraph 8.

9. HWI denies Paragraph 9.

10. Responding to Paragraph 10, HWI denies it furnished inaccurate information related to Plaintiff's account. HWI denies all remaining allegations.

11. Responding to Paragraph 11, HWI denies it furnished inaccurate information related to Plaintiff's account. HWI lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations; therefore, HWI denies the same.

12. Responding to Paragraph 12, HWI lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, HWI denies the same.

13. HWI denies Paragraph 13.

14. HWI admits Paragraph 14.

15. HWI denies Paragraph 15.

16. HWI admits Paragraph 16.

17. HWI denies Paragraph 17.

## RESPONSE TO COUNT I
## ALLEGED VIOLATION OF THE FCRA

18. HWI re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

19. Responding to Paragraph 19, HWI admits at certain times and under certain circumstances it is a "person" as defined by 15 U.S.C. § 1681a(b).

20. Responding to Paragraph 20, HWI denies 15 U.S.C. § 1681s-2(b) defines "furnisher;" therefore, HWI denies the same.

21. HWI denies Paragraph 21.

22. Responding to Paragraph 22, HWI denies Plaintiff is entitled to any of the relief Plaintiff requested. HWI also denies that Plaintiff is entitled to any damages, costs, attorney's fees or other relief.

3

## COUNT II
## ALLEGED VIOLATION OF THE FDCPA

23. HWI re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

24. Responding to Paragraph 24, HWI admits at certain times and under certain circumstances it is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

25. Responding to Paragraph 25, HWI lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, HWI denies the same.

26. Responding to Paragraph 26, HWI refers to the Collection Letters and denies anything inconsistent therewith.

27. HWI denies Paragraph 27.

28. HWI denies Paragraph 28.

29. HWI denies Paragraph 29.

30. HWI denies Paragraph 30. HWI specifically denies it violated the law as alleged.

31. Responding to Paragraph 31, HWI denies Plaintiff is entitled to any of the relief Plaintiff requested. HWI also denies Plaintiff is entitled to any damages, costs, attorney's fees or other relief.

## COUNT III
## ALLEGED VIOLATIONS OF THE NCCAA

32. HWI re-alleges and incorporates by reference all responses set forth in the preceding paragraphs.

[Plaintiff did not include paragraphs 33-40]

41. Responding to Paragraph 41, HWI admits at certain times and under certain circumstances it is a "collection agency" as defined by N.C.G.S. § 58-70-90(1).

42. Responding to Paragraph 42, HWI lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, HWI denies the same.

43. HWI admits Paragraph 43.

44. HWI denies Paragraph 44 and all subparts.

45. Responding to Paragraph 45, HWI denies Plaintiff is entitled to any of the relief Plaintiff requested. HWI also denies Plaintiff is entitled to any damages, costs, attorney's fees or other relief.

46. HWI denies Paragraph 46.

47. Responding to Paragraph 47, HWI denies Plaintiff is entitled to any of the relief Plaintiff requested. HWI also denies Plaintiff is entitled to any damages, costs, attorney's fees or other relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

HWI admits Plaintiff demands a jury trial. HWI denies Plaintiff alleged any viable cause of action that would be subject to a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and claims for relief are barred in whole or in part because HWI at all times acted in a reasonable manner and in good faith.

### SECOND DEFENSE

HWI affirmatively alleges it is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### THIRD DEFENSE

To the extent Plaintiff has been damaged, which HWI specifically denies, Plaintiff failed

to mitigate those damages and therefore should not be able to recover any unmitigated damages from HWI.

## FOURTH DEFENSE

HWI contends it did not engage in any conduct that was outrageous, intentional, or malicious, or done with reckless disregard with respect to Plaintiff.

## FITH DEFENSE

Plaintiff's Complaint and purported claim for relief is barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by HWI.

## SIXTH DEFENSE

To the extent there was a violation of the FDCPA, which HWI specifically denies, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SEVENTH DEFENSE

HWI reasonably relied on information provided to it by third parties.

## EIGHTH DEFENSE

HWI completed an FCRA-compliant reasonable investigation.

## NINTH DEFENSE

HWI reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

Dated: August 4, 2023.                    Respectfully submitted,

**FROST ECHOLS LLC**

s/ Marissa A. Coyle
Marissa A. Coyle (N.C. Bar No. 42709)
Frost Echols, LLC
P.O. Box 12645
Rock Hill, SC 29731
Phone: (803) 329-8970
Email: marissa.coyle@frostechols.com

*Counsel for Defendant Hunter Warfield, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that **Defendant Hunter Warfield, Inc. Answer to Plaintiff's Complaint and Affirmative Defenses** were served upon Plaintiff via counsel of record on the 4th day of August, 2023 by electronic mail through the Clerk of Court's ECF System addressed as:

Rashad Blossom
Blossom Law, PLLC
301 S. McDowell Street, Suite 1103
Charlotte, NC 28204
Email: rblossom@blossomlaw.com

/s/ Marissa A. Coyle
Frost Echols, LLC