IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-411-MOC-DCK

| YAMIN MOUSSELLI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| HUNTER WARFIELD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Deposition Testimony From Hunter Warfield, Inc." (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Yamin Mouselli ("Plaintiff" or "Mouselli") initiated this action with the filing of a Complaint (Document No. 1-3) in the Superior Court of Mecklenburg County, North Carolina, on May 1, 2023. Plaintiff asserts claims against Hunter Warfield, Inc. ("Defendant" or "HW") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the North Carolina Collection Agency Act, ("NCCAA"), N.C.Gen.Stat. §§ 58-70-1 *et seq*. (Document No. 1-3, p. 2). Plaintiff alleges that "Defendant violated these laws by reporting and collecting a debt that Plaintiff does not owe." Id.

According to the Complaint, "Defendant's business is the collection of debts already in default using the mails, telephone and other means, and Defendant regularly attempts to collect such debts."  (Document No. 1-3, p. 3).

Plaintiff's "Motion To Compel Deposition Testimony From Hunter Warfield, Inc." (Document No. 14) was filed on May 29, 2024.  Plaintiff seeks to compel remote depositions of Defendant's "dispute investigators (a/k/a dispute agents and/or ACDV operators)."  (Document No. 14, p. 2);  see also (Document No. 14-2).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

In support of the motion to compel, Plaintiff notes that the FCRA "allows consumers to challenge information as inaccurate by making a dispute to the credit bureau that maintains that information." (Document No. 14-1, p. 7). The credit bureau must forward that dispute to the company that furnished the data, and in turn, the data furnisher must investigate that dispute and forward the results back to the credit bureau. Id. (citing 15 U.S.C. §§ 1681i and 1681s-2(b)).

> When investigating, the data furnisher must conduct a "reasonable" investigation. 15 U.S.C. § *Id.*; *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004). The consumer may bring suit against the data furnisher if that data furnisher has failed to properly investigate that dispute. If the data furnisher fails to conduct a reasonable investigation, the consumer may seek relief for negligent and willful violations of the FCRA, 15 U.S.C. §§ 1681n and 1681o.

(Document No. 14-1, p. 7).

Plaintiff alleges that "Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least November 2022 through the present." (Document No. 1-3, p. 3). The alleged inaccurate information includes a collection account with Defendant (the "Alleged Debt"). Id. Plaintiff denies any responsibility for the Alleged Debt and contends that "Defendant failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by relevant reporting agencies concerning Plaintiff's disputes." (Document No. 1-3, pp. 3-4).

By the instant motion, Plaintiff seeks to compel the testimony of Defendant's employees/agents who investigated the underlying disputes to show that "the investigations were

3

unreasonable and negligent to the point of recklessness, and that HW's conduct and inaction was knowing and willful."  (Document No. 14-1, p. 9).

> The individuals Plaintiff noticed for deposition who conducted the credit dispute investigations at issue in this case are the best—and only—people with the ability to testify concerning the crux of the legal issue at play:  reasonableness of their investigations.  Each of these depositions will provide critical information for determining the existence and degree of negligence and the reality of HW's defense, including HW's alleged "bona fide error" defense.

(Document No. 14-1, p. 15).

Relying largely on the decision <u>Calderon v. Experian Info. Sols., Inc.</u>, 287 F.R.D. 629, 631 (D. Idaho 2012), Plaintiff presents a persuasive argument and legal authority supporting its demand for the depositions of individuals it contends are properly viewed as "managing agents" as to the events precipitating this lawsuit.  (Document No. 14-1, pp. 13-16).  In pertinent part, Plaintiff's reliance on <u>Calderon</u> includes the following excerpts.

> [W]hile the burden is on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation, this burden is a modest one, and at least at the discovery stage, all doubts are to be resolved in favor of the party seeking the depositions.
> . . .
> The term 'managing agent' should not be given too literal an interpretation **but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his 'functions, responsibilities and authority respecting the subject matter of the litigation.'** . . . This Court concludes, therefore, that although [the engineers] may not be 'managing agents' in the course of their everyday duties for the defendant corporation, **they are 'managing agents' for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of this litigation.**  Although the characterization of these two proposed deponents as 'managing agents' is not free from doubt, whatever doubt remains should be resolved in favor of the examining party.

(Document No. 14-1, pp. 14-15) (quoting <u>Calderon</u>, 287 F.R.D. at 632-33).

4

Case 3:23-cv-00411-MOC-DCK   Document 24   Filed 07/05/24   Page 4 of 6

In response, Defendant presents a concise summary of the underlying facts and Plaintiff's arguments, but offers minimal argument or authority in opposition to the motion to compel. (Document No. 20, pp. 1-5). The crux of Defendant's conclusory position seems to be that it "was not obligated to produce the unnamed witnesses described by Plaintiff because they were not officers, directors, or managing agents of Defendant." (Document No. 20, p. 3); see also (Document No. 14-2).

Defendant specifically acknowledges the holding in Calderon that "while the burden is on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation, this burden is a modest one, and at least at the discovery stage, **all doubts are to be resolved in favor of the party seeking the depositions**." (Document No. 20, p. 3) (quoting Calderon, 287 F.R.D. at 632-33) (emphasis added).

Nevertheless, Defendant concludes that Plaintiff's general description of the proposed witnesses in the "...Notice Of Depositions..." (Document No. 14-2) was inadequate because they "were not individually named and, therefore, Defendant was not under an obligation to produce them as a witness as they are not officers, directors nor managing agents of Defendant." (Document No. 20, p. 4). "As such, they must be individually subpoenaed in order for each witness to be compelled to participate in a deposition." Id.

In reply, Plaintiff notes the proposed depositions of Defendant's investigators are intended to occur remotely by Zoom, and were properly noticed "by general description sufficient to identify the deponents pursuant to Fed. R. Civ. P. 30(b)(1)." (Document No. 23, p. 1) (citing Inventus Power v. Shenzhen Ace Battery, 339 F.R.D. 487, 507-08 (N.D. Ill. 2021)).

Plaintiff goes on to argue that the proposed depositions are proportional to the needs of the case and that "Defendant has produced its investigators, with the same job as deponents here, in

cases around the country." (Document No. 23, p. 2) (citing Document No. 23-1). Plaintiff further argues that Defendant has not met its burden of showing that the requested discovery is irrelevant to Plaintiff's claims or disproportionate to the needs of the case. (Document No. 23, pp. 2-3).

In addition, Plaintiff persuasively notes that he is not required to know the name of the proposed deponents and that Defendant has not supplied "evidence establishing that these individuals are not managing agents." (Document No. 23, pp. 3-4).

The undersigned finds Plaintiff's arguments most persuasive. In particular, the undersigned finds that Fed.R.Civ.P. 26 and the Calderon decision support a finding that the pending motion to compel should be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Deposition Testimony From Hunter Warfield, Inc." (Document No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Hunter Warfield, Inc. shall identify employees/agents best qualified to testify regarding the disputes listed in "Plaintiff's Notice Of Depositions..." (Document No. 14-2) <u>and</u> provide dates they are available for remote depositions between July 12 and July 26, 2024, on or before **July 9, 2024**.

**IT IS FURTHER ORDERED** that the case deadlines are revised as follows: discovery completion limited to depositions compelled by this Order – **July 26, 2024**; and dispositive motions – **August 9, 2024**.

**SO ORDERED**.

Signed: July 3, 2024

David C. Keesler
United States Magistrate Judge